J-S71001-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN THE INTEREST OF: L.R. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| APPEAL OF: D.L., MOTHER | : | |
| | : | No. 1855 EDA 2017 |

Appeal from the order entered May 12, 2017
in the Court of Common Pleas of Monroe County
Orphans' Court Division, at No(s) CP-45-DP-0000001-2015
No. 18 OCA 2017

BEFORE: PANELLA, J., STABILE, J., and PLATT*, J.

JUDGMENT ORDER BY PANELLA, J.             **FILED DECEMBER 19, 2017**

D.L. ("Mother") appeals the order of the Court of Common Pleas of Monroe County that involuntarily terminated her parental rights to her son, L.R. ("Child") (born 12/14). We affirm.

The court found CYS presented sufficient evidence to permit it to terminate Mother's parental rights pursuant to 23 Pa.S.C.A. § 2511(a)(1), (2), and (8) and (b). The court summarized its reasoning as follows:

> In summary, we issued the order terminating Mother's rights because [Child] has been dependent and in care for two and one-half years, from the time he was released from the hospital, and Mother has never been a part of his life. She purposely absented herself at the beginning of his life and, later, when incarcerated, neither utilized available resources nor took affirmative steps to support a parent-child relationship. In fact, even when Mother was not incarcerated she did not take steps to support a parent-child relationship with [Child] or develop a bond with him. Most tellingly, after the most recent release from prison, Mother did not take advantage of the opportunity she was given when the first TPR petition was denied to contact [CYS] to inquire

---

* Retired Senior Judge assigned to Superior Court.

about [Child's] well-being, visit with him, or even request visits. Further, Parental Grandparents have provided the care, comfort, companionship, nurturing and parenting for [Child] that Mother did not and could not. [Child's] needs, welfare, and best interests will be served by the termination of Mother's parental rights.

Trial Court Opinion, 7/7/17, at 13.

On appeal, Mother maintains there was insufficient evidence presented to sustain the termination of her parental rights. *See* Mother's Brief, at 7.

Mother's statement of the facts is a little over a page in length and fails to contain any citation to the notes of testimony. *See id*., at 8-9. The brief itself does not contain any citations to the record. Mother's brief sets out the relevant case law about termination and the statutes at issue, but her argument consists of *just three sentences*:

As it relates to [Mother's] rights, she was released from prison at the time of the second hearing. Her circumstances had improved greatly since the first termination hearing in which the termination of parental rights petition was denied. [Mother] stated she was working and still in outpatient treatment, thus moving towards any goals the agency would have laid out for her.

*Id*., 13. That is it.

Mother's brief is woefully deficient. She makes no effort whatsoever to link the facts of her case to the law. Simply put, she does not attempt to develop a coherent legal argument to support her conclusion that the trial court erred in terminating her parental rights. "[W]here an appellate brief fails to provide any discussion of a claim with citation to relevant authority or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived." *In re W.H.*, 25 A.3d 330, 339 n.3 (citations omitted;

brackets in original). **_See also_** Pa.R.A.P. 2119(a). Accordingly, we find Mother's two issues on appeal waived.

In any event, had we addressed this appeal on the merits we would not have hesitated to affirm the court's finding that the termination of Mother's parental rights was in Child's best interests. Frankly, as the court found, Mother has never been a part of Child's life.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/19/2017